**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

STATE OF CALIFORNIA, et al.,

*Plaintiffs,*

v.

UNITED STATES POSTAL SERVICE, et al.,

*Defendants.*

No. 1:26-cv-13917

**[PROPOSED] ORDER GRANTING IN PART AND RESERVING IN PART PLAINTIFF STATES' MOTION FOR A TEMPORARY RESTRAINING ORDER, EMERGENCY STAY, AND EXPEDITED PRELIMINARY INJUNCTION AND STAY**

This matter comes before the Court on the motion of plaintiffs California, Massachusetts, Nevada, Washington, Arizona, Colorado, Connecticut, Delaware, District of Columbia, Hawai'i, Illinois, Maine, Maryland, Michigan, Minnesota, New Jersey, New Mexico, New York, North Carolina, Oregon, Rhode Island, Vermont, Virginia, Wisconsin, and Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania ("Plaintiff States") for a temporary restraining order, emergency stay, and an expedited preliminary injunction and stay of the United States Postal Service's ("USPS") final rule, Ballot Mail for Federal Elections, 91 Fed. Reg. 54,966 (published Aug. 26, 2026) (codified at 39 C.F.R. pt. 111) ("Rule") pending resolution of this case.

Having reviewed Plaintiff States' complaint and the memorandum of law, declarations, and evidence filed in support of the motion, and any oppositions filed thereto, and in accordance with Federal Rule of Civil Procedure 65, Local Rule 7.1, and 5 U.S.C. § 705, the Court finds that Plaintiff States have satisfied the requirements for the issuance of a temporary restraining order and emergency stay because: (1) Plaintiff States are likely to succeed on the merits of their claims that the Rule is unconstitutional, contrary to statute, and ultra vires; (2) Plaintiff States will imminently suffer irreparable harm absent immediate injunctive relief because the Rule immediately disrupts and burdens their mail voting programs, imposes unrecoverable

administrative costs on Plaintiff States, and diverts critical resources away from ongoing preparations for the midterm elections; and (3) the balance of equities and public interest favor granting a temporary restraining order. Additionally, Plaintiff States provided notice to Defendants of the application for a temporary restraining order and emergency stay prior to filing on August 26, 2026. The Court also finds that because the injunction and emergency stay carry no risk of monetary loss to Defendants, a security payment is not required.

Accordingly, the Court hereby **GRANTS** Plaintiff States' motion for a temporary restraining order, emergency stay, and an expedited briefing schedule, and **RESERVES** the request for preliminary injunction and stay pending briefing and hearing as set out below. Defendants, their officers, agents, servants, and employees are hereby **ORDERED** as follows:

(1) Defendants[1] are enjoined from implementing or enforcing the Rule, or otherwise taking any steps to condition the acceptance, transmission, or delivery of mail ballots on Plaintiff States' or their election officials' compliance with the Rule's requirements.

(2) The effective date of the Rule is hereby stayed and postponed pursuant to 5 U.S.C. § 705.

(3) Defendants must, in good faith, take such steps as are necessary to prevent implementation or enforcement of the Rule, and to cease any implementation or enforcement of its provisions.

(4) Plaintiff States shall promptly serve this Order on Defendants electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2). Defendants shall file a status

[1] Defendants are USPS; David Steiner, in his official capacity as Postmaster General, Chief Executive Officer of the Postal Service, and Member of the Postal Service Board of Governors; Doug Tulino, in his official capacity as Deputy Postmaster General, Chief Operating Officer and Chief Human Resources Officer of the Postal Service and Member of the Postal Service Board of Governors; Amber McReynolds, in her official capacity as Chair of the Postal Service Board of Governors; Derek Kan, in his official capacity as Vice Chairman of the Postal Service Board of Governors; Ronald Stroman, in his official capacity as a Member of the Postal Service Board of Governors; Daniel Tangherlini, in his official capacity as a Member of the Postal Service Board of Governors.

report with the Court within 24 hours of such service confirming their compliance with the Court's Order; and

(5) Defendants' counsel must, within 24 hours after receiving service of this Order: (i) provide written notice of this Order to Defendants and their employees; (ii) notify all recipients that they are required to comply with this Order, under penalty of contempt; and (iii) file on the docket a copy of the notice and/or communications referred to in (i)-(ii).

It is **FURTHER ORDERED** that the Court adopts an expedited briefing schedule on Plaintiff States' request for a preliminary injunction and stay of the Rule pending resolution of this case on the merits, in accordance with Local Rule 7.1(b)(2). The parties shall file their briefing according to the following schedule:

- Defendants' Opposition to Plaintiff States' Motion for Preliminary Injunction and Stay is due on Friday, August 28, 2026.
- Plaintiff States' Reply to Defendants Opposition is due on Monday, August 31, 2026.

It is **FURTHER ORDERED** that a hearing on Plaintiff States' Motion for a Preliminary Injunction and Stay is set for Wednesday, September 2, 2026.

This Order shall remain in effect for fourteen days unless vacated, modified, or extended by the Court.

**SO ORDERED** this ______ day of ______________, 2026 at ______.

By: ___________________________________
United States District Judge