**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STATE OF CALIFORNIA; et al.,<br>*Plaintiffs,*<br>v.<br>UNITED STATES POSTAL SERVICE, et al.,<br>*Defendants.* | Case No. _______________ |

**DECLARATION OF ELENA HILBY, MMC, WCPC, CPM**

I, Elena Hilby, declare as follows:

1. I am a resident of the State of Wisconsin. I am over the age of 18. I am familiar with the information in the statements set forth below either through personal knowledge, consultation with relevant staff, or from my review of relevant documents and information. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am the City Clerk for the City of Sun Prairie in Dane County, Wisconsin. In my role, I am responsible for implementing state and federal laws relating to elections. I work closely with the Dane County Clerk and the Wisconsin Elections Commission to administer elections and carry out applicable election requirements. My responsibilities include voter registration administration and oversight, maintaining and updating voter registration records in WisVote (Wisconsin's statewide voter registration system), administering absentee voting, issuing ballots to qualified electors, administering polling places, and coordinating election inspectors. Through these responsibilities, I am directly familiar with the administration of absentee voting in Wisconsin.

3. I have served as the City Clerk for the City of Sun Prairie since 2017. I have worked in municipal election administration in Wisconsin for approximately 17 years. Prior to serving as City Clerk for Sun Prairie, I worked in municipal election administration with the City of Madison and the City of Milton. I'm the current past-president of the Wisconsin Municipal Clerk's Association. It should be noted that I submit this declaration on behalf of myself and not on behalf of any of the organizations mentioned here.

4. My office is currently preparing to administer the November 2026 general election.

5. Wisconsin has a uniquely decentralized election system in which most election administration occurs at the local level. Wisconsin has approximately 1,850 municipalities, each served by a municipal clerk responsible for administering elections. Municipal clerks are responsible for administering voter registration and absentee voting, processing absentee ballot requests, issuing and receiving absentee ballots, administering polling places, and performing many other election administration duties. As part of administering elections, municipal clerks also have a continuing obligation to perform voter registration list maintenance as required under the Help America Vote Act ("HAVA") and Wisconsin law.

6. In Wisconsin, voter records are maintained in WisVote, Wisconsin's statewide voter registration system, and are continually updated to reflect new registrations, changes to voter information, and removals.

7. Wisconsin's 72 county clerks are responsible for printing ballots, which they distribute to municipal clerks.

8. In Wisconsin, any qualified elector may vote absentee without providing a reason, including by voting absentee in person during the in-person absentee voting period established by Wisconsin law or by voting absentee by mail. See Wis. Stat. §§ 6.20, 6.85, 6.86(1)(a).

9. Most voters in Wisconsin may request an absentee ballot until 5:00 p.m. on the Thursday before the election. *See* Wis. Stat. § 6.86(1)(b).

10. Qualified electors in Wisconsin may request an absentee ballot by mail, by electronic mail, in person at the municipal clerk's office, or through MyVote. See Wis. Stat. § 6.86.

11. Municipal clerks are responsible for mailing out absentee ballots using the United States Postal Service ("USPS"). Wis. Stat. § 6.87(3). Absentee ballots begin to be mailed out at least 47 days before the election. Wis. Stat. § 7.15(1)(cm). Clerks continue to mail absentee ballots as additional voters request them until 5:00 p.m. on the Thursday before the election, which is 5 days before the election. *See* Wis. Stat. § 6.86(1)(b).

12. Absentee ballots in Wisconsin must be returned through the mail, delivered in person to the municipal clerk, or delivered in person to the polling place on Election Day. Wis. Stat. § 6.87(4)(b)1. Municipal clerks may, but are not required to, provide secure drop boxes for absentee voters to return their completed ballots.

13. In Wisconsin, absentee ballot certificate envelopes must conform to templates prescribed by the Wisconsin Elections Commission. Wisconsin law does not require the use of Intelligent Mail barcodes in the administration of absentee voting.

14. I have reviewed the Notice of Proposed Rulemaking issued by the United States Postal Service (USPS), which was published in the Federal Register on June 2, 2026.

15. I have also reviewed USPS's recent regulation entitled "Ballot Mail for Federal Elections" ("Rule"), which was made available for public preview at https://public-inspection.federalregister.gov/2026-17238.pdf prior to its scheduled publication in the Federal Register on August 26, 2026. That Rule will imminently cause significant harm, confusion, and disruption to Wisconsin election administration.

16. For the reasons discussed throughout this declaration, I must now act to align my office's administration of absentee voting conducted through the mail with the requirements of the Rule.

17. Given the very short time available and the untested technology that the Rule relies on, I have significant concerns that the Rule will prevent eligible voters from voting, including in the November 2026 general election. My office will strive to ensure that voters have an opportunity to vote, although the Rule imposes significant costs on doing so.

18. It is my understanding that the Rule requires every voter who will receive an absentee or mail-in ballot to be enrolled with USPS. To enroll voters, election officials or other authorized personnel must access the USPS Ballot Portal to enter each voter's name, address, unique Intelligent Mail barcode from the outbound ballot envelope, unique Intelligent Mail barcode associated with the return Federal Ballot Mail envelope, and the originating election office state. The Rule requires "[a] separate submission . . . in connection with each Outbound Federal Ballot mailing." The information would have to be provided at least 30 days before the date of the federal election, or by the date by which ballots may begin to be mailed to voters under state law, although supplemental submissions can be made until the last day that ballots may be mailed out to voters under state law. If a voter is not enrolled with USPS, my understanding is that USPS will not accept the outbound mail ballot envelope for mailing. And

*before* election officials can begin enrolling voters in the process above, they must first certify that the state has submitted and received feedback from USPS on its outbound/return envelopes. This sequencing provides additional time pressure, especially given how many jurisdictions will be simultaneously submitting information for review. The Rule further provides that USPS "will provide a state-specific Mail-In and Absentee Participation List" ("USPS Mail Ballot List") to States' chief election officials "[o]n or about the date of the federal election."

19. In Wisconsin, we would have to provide the requested information (each voter's name, address, unique Intelligent Mail barcode associated with the Outbound Federal Ballot Mail envelope, unique Intelligent Mail barcode associated with the Return Federal Ballot Mail envelope, and the originating election office state), by **September 17, 2026**, which is the date on which we must begin mailing absentee ballots for the November 3, 2026, election. We would thereafter have to update the information on a near-daily basis to include eligible voters who requested an absentee ballot after that date.

20. The requirements in the Rule impose significant financial costs on my office and threaten to disenfranchise voters in Wisconsin. The harms that stem from the Rule are particularly acute because its requirements take effect while my office is simultaneously preparing for the November 2026 general election and carrying out its many other statutory responsibilities.

21. First, in my experience, implementing new election technology is highly complicated and takes time to get right. But even if USPS's untested Ballot Portal functions as intended, enrolling all absentee voters in my jurisdiction with USPS will be a massive undertaking. This task will be significantly complicated because the information associated with absentee voters continues to change throughout the months, weeks, and days leading up to an

election. It is unclear to me at this time whether municipal clerks or the Wisconsin Elections Commission will be responsible for enrolling absentee voters in the USPS Ballot Portal.

22. Second, the timeline for implementing the Rule has become extremely tight. Even once certain election officials become authorized users of the Ballot Portal—a process that may itself create delay and administrative burden—these officials cannot enroll voters with USPS in bulk. Instead, election officials must enroll voters separately for each mailing. Regardless of whether the task is performed by the Wisconsin Elections Commission or local election officials, it will require a substantial commitment of staff time and resources.

23. The timely mailing of absentee ballots is not only required by state and federal law, it is also critical to ensuring that eligible absentee voters in Wisconsin can exercise their right to vote. Absentee voting is an important option for many Wisconsin voters, including voters with disabilities, voters who live in rural areas, and countless others who rely on absentee voting for a variety of lawful reasons.

24. Third, the Rule creates a very substantial risk that at least some ballot mailings will be delayed or not be transmitted at all. For example, the USPS Ballot Portal does not currently exist and has not faced the test of elections officials across the country attempting to concurrently enter tens of millions of voters' names and other information in a short window of time. If the Ballot Portal experiences technical problems or is unavailable, the Rule could prevent eligible voters from receiving absentee ballots in a timely manner. Moreover, if there are typographical errors or discrepancies between USPS records and WisVote, eligible voters could fail to receive absentee ballots in a timely manner. And if USPS does not complete the review of ballot mailings required by the Rule, eligible voters could fail to receive absentee ballots in a timely manner.

25. Fourth, even if the USPS Ballot Portal and enrollment system works as intended, the Rule still risks voter confusion and disenfranchisement. In my experience administering elections, changes to election procedures in the time immediately preceding an election can cause significant voter confusion. The Rule's complicated requirements will likely lead some eligible voters to question whether they will be able to successfully vote absentee and whether their absentee ballot will be delivered as expected. Some eligible voters may lose confidence in absentee voting as a reliable method of casting their ballot and may choose not to vote absentee. As a result, some eligible voters may decide not to vote, while others may forgo their absentee voting option despite having every right to use that method under Wisconsin law.

26. The Rule also requires the expenditure of considerable staff time to address voter concerns about the new changes to absentee voting. I anticipate that my office will receive more inquiries from voters as a result of the Rule. Fielding these questions will require substantial staff time and resources that would otherwise be spent preparing for the 2026 general election and carrying out my office's other statutory responsibilities.

27. Finally, I am also concerned about the negative impact the Rule may have on the morale of election officials in my office and across Wisconsin. As municipal clerks, we are entrusted with administering elections fairly and in accordance with Wisconsin law. The Rule requires us to rely on actions by a federal agency that are outside our control while remaining accountable to the voters we serve.

28. In conclusion, implementing the Rule will require substantial additional staff time and attention during the months, weeks, and days leading up to an election, when my office is already fully engaged in election preparation while also carrying out its other statutory responsibilities, including preparations for the upcoming November general election. Our staff is

already at capacity carrying out the day-to-day responsibilities of the Clerk's Office while ensuring that the upcoming November general election run smoothly. The workload increases substantially in the months leading up to an election, and many of these responsibilities must be completed within strict statutory deadlines.

29. Each of these additional tasks and costs places further demands on an office that is already operating at capacity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2026, at Sun Prairie, Wisconsin.

Signed by:
Elena Hilby
1FA3DBF4956F45C...

8/25/2026

Elena Hilby
City Clerk
City of Sun Prairie

docusign

## Certificate Of Completion

Envelope Id: AE708097-5B67-831D-82C7-7029101961DC | Status: Completed

Subject: Complete with Docusign: DRAFT WI Hilby Decl. - Potential USPS Litigation - 8.24.26 - EH Version...

Source Envelope:

| | | |
|---|---|---|
| Document Pages: 8 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | Elena Hilby |
| AutoNav: Disabled | | 300 East Main Street |
| EnvelopeId Stamping: Disabled | | City Hall |
| Time Zone: (UTC-06:00) Central Time (US & Canada) | | City of Sun Prairie, WI 53590 |
| | | ehilby@cityofsunprairie.wi.gov |
| | | IP Address: 184.60.28.183 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>8/25/2026 12:53:13 PM | Holder: Elena Hilby<br>ehilby@cityofsunprairie.wi.gov | Location: DocuSign |
| Security Appliance Status: Connected | Pool: StateLocal | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Elena Hilby<br>ehilby@cityofsunprairie.wi.gov<br>WMCA President<br>Security Level: Email, Account Authentication (None) | Signed by:<br>Elena Hilby<br>1FA3DBF4956F45C...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 184.60.28.183 | Sent: 8/25/2026 12:53:27 PM<br>Viewed: 8/25/2026 12:53:31 PM<br>Signed: 8/25/2026 12:54:23 PM<br>Freeform Signing |

**Electronic Record and Signature Disclosure:**
Not Offered via Docusign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 8/25/2026 12:53:27 PM |
| Certified Delivered | Security Checked | 8/25/2026 12:53:31 PM |
| Signing Complete | Security Checked | 8/25/2026 12:54:23 PM |
| Completed | Security Checked | 8/25/2026 12:54:23 PM |

| Payment Events | Status | Timestamps |
|---|---|---|