**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-11549-IT |
| STATE OF CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-13917-IT |

**DEFENDANTS' NOTICE OF COMPLIANCE**

Defendants respectfully submit the following notice, as required by Section 2(iii) of the Court's August 27, 2026 Order, *California* ECF No. 31; *LWVMA* ECF No. 218 ("Order"). Defendants timely complied with Sections 2(i) and 2(ii) of the Court's order, as reflected in the attachments to this Notice. *See* Ex. 1, Email from S. Pezzi to U.S. Postal Service (Aug. 28, 2026); Ex. 2, U.S. Postal Service, *Mandatory Stand-Up Talk* (Aug. 28, 2026). By filing this Notice, Defendants have now also timely complied with Section 2(iii) of the Court's order.

Out of an abundance of caution, Defendants also wish to provide notice about how Defendants interpret this Court's order. Defendants understand Sections 1(a)-1(d) of the Order to prohibit enforcement or implementation of the Final Rule only to the extent that the Rule makes

those provisions mandatory. *See* Order at 11 ("... to the extent that the section makes Ballot Mail Envelope Standards mandatory"); *id.* (" ... to the extent that the section makes Return Federal Ballot Mail Envelope Standards mandatory"); *id.* ("... to the extent that the section makes Postal Service Federal Ballot Mail Portal registration mandatory"); *id.* ("... to the extent that the section makes voter enrollment in the Postal Service Federal Ballot Mail Portal mandatory"). Accordingly, Defendants' understanding is that the Order still allows the Postal Service to, for example, take steps consistent with States' voluntary use of the envelope standards and Portal, including launching the Portal, reviewing mailpiece design for States that voluntarily choose to submit their designs for review, processing voluntary Portal registrations and submissions, and other related preparatory steps and implementation of those provisions of the Order—on the understanding that as long as the Order remains in effect, any implementation or participation with respect to those provisions will be voluntary.

Defendants' understanding is that Sections 1(e)-1(g) of the order, by contrast, are *not* limited in that way, so those actions are enjoined even with respect to jurisdictions that wish to voluntarily participate. That includes, among others, the provision in the Rule that stated that "[m]ailings that do not comply with 24.5.1 and 24.5.2 will not be accepted and will be returned to the authorized ballot mailer." Accordingly, that provision (and the others listed in the relevant sections of the Order) may not be implemented or enforced with respect to the November 3, 2026 elections, even with respect to jurisdictions that would otherwise be willing to voluntarily comply, as long as the Order remains in effect.

Finally, Defendants interpret the entirety of the Order to apply only to the November 3, 2026 elections (or any earlier election). Defendants thus remain free to prepare, implement, and enforce the Final Rule with respect to any election that begins on or after November 4, 2026.

Dated: August 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI
Chief Litigation Counsel (FL Bar 1041279)
MICHAEL S. POLITO
Trial Attorney (DC Bar 90041172)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-8576
E-mail: stephen.pezzi@usdoj.gov